UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEREMY STEVENS, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil No. 05-29-B-W ) |
| DENNIS PLAISTEAD, et. al, | ) ) |
| Defendants | ) |

*Recommended Decision on Motion for Summary Judgment*

Jeremy Stevens, a prisoner at the Maine State Prison in Warren, Maine, has brought a lawsuit against three correctional officers, Dennis Plaistead, Eric Wildes, and Seth Gallant in connection with injuries Stevens allegedly received on January 21, 2004. Stevens claims both that he was subjected to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and that he was the victim of an assault and battery under state tort law. The three correctional officers have moved for summary judgment (Docket No. 12) alleging solely that Stevens failed to comply with the prison's administrative grievance procedures and, thus, the exhaustion requirement of 42 U.S.C. § 1997e(a), and failed to comply with the notice requirements of the Maine Tort Claims Act, 14 M.R.S.A. § 8107. I now recommend that the court **GRANT** the motion.

*Discussion*

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

*The Summary Judgment Standard and Record*

The State is entitled to a favorable summary judgment order only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the State] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the State meets its burden the Court will grant the summary judgment motion unless Stevens's presentation generates a genuine issue as to the presence or absence of material fact or facts, that is that the evidence in the record is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). In evaluating whether a genuine issue is raised, the Court must view all facts in the light most favorable to Stevens and give him the benefit of all reasonable inferences in his favor. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

**Defendants' Statement of Facts Regarding Grievance**

Stevens is a state prisoner. The Maine Department of Corrections has a process for handling prisoner grievances. Under that policy, there is a formal grievance process that has three levels of review. Under the policy, before filing a grievance at the first level, the Grievance Review Officer, the prisoner must first attempt an informal resolution with a supervisor with jurisdiction over the matter. The third level of review provided for under the policy, review by the Commissioner of Corrections, is the final administrative level of review.

There are grievances from Stevens concerning claims of assault by defendants Gallant and Plaistead on January 21, 2004, that were forwarded for the Commissioner's review. These grievances were denied for failure of Stevens to follow the grievance process, specifically for failure to attempt an informal resolution with Sergeant Willey, the supervisor with jurisdiction. There is no grievance from Stevens concerning any other claims in his lawsuit that was forwarded for the Commissioner's review. There is no notice of tort claim from the plaintiff concerning any of the claims in his lawsuit.

### Stevens's Disputed Facts Regarding Grievances

Stevens responds that it was not him who failed to follow the grievance process but Sergeant Willey. In his statement of additional fact and his affidavit Stevens explains that on January 25, 2004, he wrote three grievances in relation to the January 21, 2004, incident and he sent these to the grievance review officer. On January 26, 2004, the grievance officer returned all three grievances and ordered Stevens to contact Sergeant Willey in order to attempt to informally resolve the grievances. On January 26 Stevens wrote Sergeant Willey and asked him for a meeting as soon as possible to go over Stevens's grievances. On January 28, Willey called Stevens's cell block and had the block officer ask Stevens what his grievances were about. Stevens told the block officer to tell Willey that Policy 29.1 provided that he could have a personal meeting. The block officer said that he would relay the message yet Willey never came to see him. Willey, Stevens complains, refused to meet with him in accordance with Policy 29.1 even though Steven requested a meeting by letter and by phone. Willey submitted a report to the grievance review officer indicating that Stevens had made a statement over the phone.

However, Stevens counters that he was not allowed to talk to Sergeant Willey on the phone. If a statement was made to Willey it was by the block officer.

On February 3, 2004, Stevens re-filed his three grievances, this time asserting that Willey refused to meet with him to discuss his grievances. On February 23 the chief administrative officer denied all three of these grievances stating that it was Stevens who had failed to comply with the minimal procedural requirements of Policy 29.1. On February 25 Stevens appealed that decision to the Commissioner and he clearly stated in his appeal that he did not rebuff Willey's attempts to follow up on his grievance as the only attempt that Willey made was to call the block officer. Stevens notified the Commissioner that he wanted a personal, confidential meeting with Willey. The Commissioner had a copy of Willey's report when he received Stevens's appeal and would have been well aware that Willey never made an attempt to meet with Stevens personally. Stevens faults the Commissioner for not ordering Willey to meet with Stevens personally. On March 11 the Commissioner denied all three of Stevens's grievances for failure to follow the grievance procedure.

### *The Actual Contents of Stevens's Grievances*

The two [1] grievances made by Stevens at the Maine State Prison pertaining to Stevens's federal action are:

Gallant assault grievance:

> On 1-24-04, 9:30 a.m. I was confronted with aggressive authority by Officer Seth Gallant in which he continued to assault me by pushing, shoving and hitting as I walked away.

---

[1] Stevens also filed a third grievance concerning events on January 21, 2004. It read: "On 1-21-04, at 9:30 a.m. I was denied a religious service by Officer Seth Gallant. I have been a major contributor to this service and believe my rights have been violated." However, Stevens's complaint makes clear that he is only bringing claims under the Eighth Amendment concerning the force used against him.

4

> Plaistead assault grievance:
>
> On 1-21-04 around 9:40 a.m. while being restrained in the SMU intake, Officer Sgt. Plaistead kicked me in the face with his boot which resulted in a busted bleeding nose on my face * pictures were taken*

These grievances were returned to Stevens with a form that indicated that they were being returned for informal resolution. Stevens thus responded on January 26 with the following note:

> Sergeant Willey,
> I've been informed to contact you on info pertaining to the grievances that I have filed.
> Please see me as soon as possible so that we can go over this matter together. Thank you for your time.

A January 28, 2004, memorandum from Sergeant Willey to Bob Costigan regarding these grievances:

> On the above date and at approximately 0900, I phoned officers in SMU B-Wing regarding prisoner Stevens, J. Prisoner Stevens had written me a letter stating he was informed I was the point of contact for a grievance he had filed.
>
> I had the officers ask prisoner Stevens what the grievance was about, because I did not know about any grievances. Prisoner Stevens then stated "fuck him if he wont come down to see me, just fuck it".
>
> I am writing this report to inform you I think the matter of prisoner Stevens grievance is now closed, with no further interviews needed.

Stevens appealed to the Grievance Review Officer. As to one assault Stevens wrote, "I believed that there is no informal resolution that can be taken or resolved being that an officer had violated my rights and I believe the court of law should handle this case." The comments on his other grievance appeal was substantially the same.

With respect to the Level II response from Jeffery Merrill, the Chief Administrative Officer at the jail, Merrill wrote:

5

> I have had an opportunity to review these three grievance appeals and have concluded that there are no grievance issues as you have failed to comply with the minimal procedural requirements. I must therefore deny the appeals.
>
> The procedural deficiency was repeatedly pointed out to you and you made no effort to correct it, in fact you rejected Sgt. Willey's attempt to follow up on this matter.

Stevens then pursued his grievance with the Commissioner of the Department of Corrections. He appealed Merrill's response by stating:

> I did fix correct the deficiency error by filing the same grievances against, as told to do by the grievance review officer.
>
> I did not reject Sgt. Willey's attempt to follow up on this matter because the only attempt was a phone call made to the block officer asking what I wanted instead of [inter]viewing me himself about a matter that is <u>confidential</u>. Therefore I ask that this appeal go through so I can proceed further. Thank you.

Commissioner Magnusson responded as follows in substance:

> You were told to make an attempt to informally resolve your grievances with the supervisor having jurisdiction, Sgt. Willey.
>
> Although you did write a not[e] to Sgt. Willey, you did not include any information in your note regarding what your grievance was about. When Sgt. Willey attempted to find out, you refused to cooperate.
>
> Therefore, your grievance is denied for failure to follow the grievance process.

### *Disputed Provisions of the Grievance Policy*

Whether or not Stevens has exhausted his administrative grievance remedies at the prison turns on Subsection B of Rule 29.1 which indicates:

> Upon being contacted, the supervisor shall attempt, as soon as possible, to informally resolve the complaint, if possible. If necessary to gain an understanding of the complaint, the supervisor shall meet with the client. If the supervisor is unable to resolve the complaint, the supervisor shall sign the grievance form indicating that the supervisor has been contacted about the complaint and could not resolve it.

*Recommended Disposition of the Constitutional Claims*

First, it is clear that Stevens has not exhausted any claims against defendant Eric Wildes.  With respect to his claims against Plaistead and Gallant, I agree with the State that this policy does not give Stevens a right to a personal meeting with the grievance officer.  It is clear from Stevens's explanation to the Grievance Review Officer that he did not consider it necessary to grieve the complaints as he wanted to go directly to court.  Stevens may not feel that he would get redress vis-à-vis his claims by complying with the grievance process.  "However, there is no 'futility exception' to the PLRA exhaustion requirement.'"  Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (quoting Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir.2000) and citing Booth v. Churner, 532 U.S. 731, 741 (2001)).  In his response to the Commissioner and in his filings here Stevens is insisting on a right not made explicit in the prison policy to a personal confidential meeting at level one.  However, while the present summary judgment dispute is over the exhaustion of Stevens's administrative remedies, this is not a law suit about the propriety of the Maine State Prison's grievance procedures.  This summary judgment record concerning the sufficiency of Stevens's 42 U.S.C. § 1997e(a) exhaustion efforts does not raise a concern about whether or not Stevens's attempt to exhaust his Eighth Amendment claims were scuttled by prison personnel in such a way that the Court should deem Stevens to have exhausted his available remedies.  Compare Abney v. McGinnis, 380 F.3d 663, 666-67 (2d Cir. 2004); Brown v. Croak, 312 F.3d 109, 112 (3d Cir.2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001).[2]

---

[2]     The State also argues that Stevens's federal complaint contains claims which Stevens has never grieved at all as Paragraph 31 of his complaint refers to conduct by Plaistead on October 25, 2004.  In the State's view this means that even if Stevens's claims against Plaistead and Gallant for their conduct in January 2004 are deemed exhausted this Court should dismiss the entire complaint.  I am highly skeptical

*Maine Tort Claims Act Claims*

The defendants claim, via the affidavit of Monica Gorman, the custodian of records of tort claim notice filed with the Department of Corrections, that they have no record of any notice of claim from Jeremy Stevens from January 1, 2004, to present, In his responsive pleadings Stevens attaches a Notice of Claim, dated May, 5, 2004, which reads:

> The three correctional officers listed as defendants committed the state law torts of assault & battery when they harassed, threatened and used excessive force against the claimant during the course of an incident that occurred on January 21st, 2004.
>
> The defendants caused the claimant to suffer physical injury and mental distress as a result of these actions.

The defendants claim that Stevens's failure to submit a sworn or certified copy of the notice entitles them to judgment on the state law claims of assault and battery. It is an interesting dispute. However, as the State is entitled to summary judgment on the 42 U.S.C. § 1983 claims on the grounds that Stevens has failed to exhaust his administrative remedies, I recommend that the Court decline to maintain supplemental jurisdiction over the state law tort claims. See 28 U.S.C. 1367(c); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ⋯ will trigger the dismissal without prejudice of any supplemental state-law claims."); accord Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir.2004).

---

of the State's position as to the proper treatment of complaints containing exhausted and non-exhausted claims, although there is conflicting case law. Compare Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) with Ortiz v. McBride, 380 F.3d 649, 657 (2d Cir. 2004). However, if the Court follows my recommendation there is no need to reach this alternative argument by the State.

*Conclusion*

For the reasons stated above, I recommend that the Court **grant** the State's motion for summary judgment on Stevens's 42 U.S.C. § 1983 claims and dismiss without prejudice Stevens's state law tort claims.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 31, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge