UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEREMY STEVENS, )<br>        )<br>    Plaintiff, )<br>        )     Civil No. 05-29-B-W<br>    v.  )<br>        )<br>DENNIS PLAISTEAD, et. al., )<br>        )<br>    Defendants. ) | |

**ORDER AFFIRMING THE**
**RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on August 31, 2005 her Recommended Decision. Plaintiff Jeremy Stevens filed his objections to the Recommended Decision on September 30, 2005 and the Defendants filed their responses to those objections on October 20, 2005. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.[1]

---

[1] Magistrate Judge Kravchuk's Recommended Decision may contain slight factual misstatements.  See Rec. Dec. on Mot. for Sum. Judg. (Docket #

1.  It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge is hereby <u>AFFIRMED</u>.

2.  It is further <u>ORDERED</u> that Defendants Dennis Plaistead, Eric Wildes, and Seth Gallant's Motion for Summary Judgment (Docket No. 12) is <u>GRANTED</u>.

<u>/s/John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2005

---

24) at 7. Specifically, she states that the applicable prison grievance policy "does not give Stevens a right to a personal meeting with the *grievance officer*." *Id.* (emphasis supplied). It appears that Magistrate Judge Kravchuk may have meant that the policy does not give Mr. Stevens a right to a personal meeting with a supervisor having jurisdiction over the matter. In addition, Magistrate Judge Kravchuk states that "Stevens is insisting on a right . . . to a personal confidential meeting *at level one* [of the grievance process]." *Id.* (emphasis supplied). However, it appears Mr. Stevens was claiming a right to a personal, confidential meeting with a supervisor having jurisdiction over the matter to reach an informal resolution before proceeding to level one. These minor inaccuracies, if they are inaccuracies, have no bearing on the outcome of this case.